UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICTORIA S. TILLMAN-FELTON | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2601 c/w 24-2602 and 24-2776 |
| ROSE BLUNT, ET AL. | * | SECTION "T" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Victoria S. Tillman-Felton's "Motion for Discovery" asking Defendants to produce copies of her time sheets from June 23, 2023, through April 14, 2025. ECF No. 47. Plaintiff's motion is procedurally improper for several reasons, and is therefore DENIED.

**I.      BACKGROUND**

Plaintiff filed these three actions, which have been consolidated, against her employers and several managers alleging that she was not properly paid for all hours worked at the agreed rate. After quoting from Federal Rules of Civil Procedure Rule 26(a) and 34, Plaintiff states:

> "On February 27, 2025, there was a phone conference at 9:00am, I made a Motion for Discovery for scheduling time sheets and financial records for the plaintiff pay stubs. During the conference the judge ordered that they were sent to me and they were never received. I'm Emailing and filing with the clerk of courts that my motion be heard."

ECF No. 47 at 3.

**II.     ANALYSIS**

Initially, Plaintiff's motion is procedurally improper and fails to comply with FED. R. CIV. P. 6(c) as well as this Court's Local Rule 7, which requires either the opposing party's consent, in which case the motion is filed with a proposed order, or that the matter be scheduled for hearing and include both a supporting memorandum and notice of submission. Plaintiff's motion appears

to be a contested motion submitted without a supporting memorandum or noticed for submission on any particular date.

Further, before filing a motion for the court's assistance to compel discovery, Plaintiff is required to present discovery or production requests directly to the appropriate party or non-party in accordance with Rules 33, 34 and/or 36 of the Federal Rules of Civil Procedure.[1] Contrary to Plaintiff's assertion, a review of the docket for Civil Action Nos. 24-2601, 24-2602, and 24-2776, does not reflect any Minute Entry of a telephone conference with any judge of this Court on February 27, 2025. Only a judge (not a clerk) would have the authority to issue an order compelling discovery, and all Orders are reflected on the court record. Moreover, a party's request for court order must be made by formal motion, either in writing or during a hearing or trial, in accordance with FED. R. CIV. P. 7(b). The Federal Rules do not contemplate a party orally requesting a court order compelling discovery during a status conference. As there is no docket entry reflecting a February 27, 2025, hearing or conference in any of the three cases, Plaintiff's assertion that the court granted her oral request and ordered any particular discovery is not supported by the record.

In addition, as explained to Plaintiff during the May 13, 2025, status conference and reflected on the Minute Entry for same:

> [T]he court record does not reflect any court orders regarding discovery. Accordingly, the Court directed Plaintiff to Rules 26 through 37 of the Federal Rules of Civil Procedure and explained that discovery begins after the Rule 26(f) conference or issuance of the Rule 16 Scheduling Order, and made clear that the

---

[1] *Maloney v. St. Farm Fire & Cas., Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Feb. 20, 2015) (noting *pro se* litigants are not exempt from complying with the procedural and substantive rules of law (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

parties engage in discovery without court assistance absent a failure to respond and a Rule 37 motion.

ECF No. 25. In order to obtain discovery of documents, a party must issue a written request for production to the other party pursuant to Rule 34, specifying the particular documents sought, which written request for production must be properly served on the opposing party. FED. R. CIV. P. 34. The opposing party then has 30 days within which to provide a written response and either produce the documents or indicate when the documents will be produced. *Id.* Only if the opposing party fails to respond fully and completely to the requested discovery and the party seeking discovery confers about the alleged deficiencies in a proper Rule 37 conference may a party then file a Motion to Compel with the Court. FED. R. CIV. P. 37.

To the extent that Plaintiff's "Motion for Discovery" is an effort to file a Motion to Compel, such a motion is improper because it does not provide any information about the date that Plaintiff served a written request for production on the opposing party. In addition, under FED. R. CIV. P. 37(a)(1), before filing a discovery-related motion, Plaintiff must certify that she conferred or attempted to confer with defendants or their counsel before seeking the Court's assistance with discovery, which she has not done.

The fact that Plaintiff is proceeding *pro se* does not entitle her to avoid the proper methods of discovery to obtain the items she seeks. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Discovery is DENIED.

New Orleans, Louisiana, this __30th__ day of May, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE