UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICTORIA S. TILLMAN-FELTON | * | CIVIL ACTION |
| | * | NO. 24-2601 |
| VERSUS | | c/w 24-2602, 24-2776 |
| | * | |
| ROSE BLUNT, ET AL. | | SECTION "T" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Victoria S. Tillman-Felton's Motion to Compel. ECF No. 93. No party has filed an Opposition Memorandum nor requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, Plaintiff's motion, and the applicable law, Plaintiff Victoria S. Tillman-Felton's Motion to Compel is DENIED AS PREMATURE for the reasons stated herein.

### I.   BACKGROUND

Plaintiff filed these three actions, which have been consolidated, against her employers and several managers alleging that she was not properly paid for all hours worked at the agreed rate. ECF No. 32; *see* ECF No. 20. The current discovery deadline is March 27, 2026. *See* ECF No. 91.

On January 21, 2026, Plaintiff filed this Motion to Compel requesting the Court order unspecified "defendants" to produce schedules, timestamps, paystubs, and video footage for certain dates. ECF No. 93. Plaintiff did not attach any request for production reflecting requests for same nor a Rule 37(a)(1) certificate.

### II.   APPLICABLE LAW AND ANALYSIS

Although the Court has the authority to grant a motion as unopposed, it is not required to

1

do so[1] and may properly consider the merits of even an unopposed motion.[2] While *pro se* filings are construed liberally, a *pro se* litigant must still "abide by the rules that govern the federal courts," including the Federal Rules of Civil Procedure.[3]

Rule 34(a) of the Federal Rules of Civil Procedure establishes the permissible scope of production of items and authorizes a party to request documents and electronically stored information within another party's possession, custody or control. FED. R. CIV. P. 34(a)(1). Rule 34(b) establishes the procedure for submitting a request and for responding to it. The request must be in writing and set forth the desired items with "reasonable particularity." *Id.* at 34(b)(1)(A). A request for production must be served on the party to whom it is directed, as well as all other parties to the action, generally through the parties' attorney of record. Fed. R. Civ. P. 5(a)(1)(C), (b)(1). A party must provide full and complete written responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered. FED. R. CIV. P. 34(b)(2)(A). For each request, the respondent must state with specificity the grounds for objection, including the reason, and either produce the documents or specify a date certain by which the documents will be produced. *Id.* at 34(b)(2)(B).

If a party fails to timely respond fully to requests for production made pursuant to Rule 34, the party seeking discovery may move to compel production under Rule 37. FED. R. CIV. P. 37(a)(3)(B)(iv). A motion to compel pursuant to Rule 37 contemplates that the movant has relied

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions).
[3] *Lassere v. S. Cent. Planning & Dev. Comm'n*, No. 24-1641 202024 WL 4388287, at *1 (E.D. La. Oct. 3, 2024) (Ashe, J.) (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014); and citing *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015) ("Nonetheless, we expect litigants to meet court deadlines and observe the rules of civil procedure.")).

2

on the formal discovery rules.[4] When a movant fails to serve a formal request for production, denial of her motion to compel production is proper.[5] And even if the movant has served a formal request for production, the motion is premature, and thus denial of it proper, if filed before the expiration of the thirty-day response period.[6]

A Rule 37 motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37 (a)(1). "Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[7] The conference requirements are no "empty formality."[8] The failure to engage in the required meet and confer before filing a motion to compel constitutes sufficient reason in itself to deny the motion.[9] Indeed, courts routinely deny discovery motions for failure to comply with

---

[4] *Ledbetter v. United States*, No. 96-678, 1996 WL 739036, at *2 (N.D. Tex. Dec. 18, 1996) (citing *Schwartz v. Mktg. Publishing Co.*, 153 F.R.D. 16, 21 n.12 (D. Conn. 1994)), *cited with approval in SBJ Grp., LLC v. TBE Grp., Inc.*, No. 12-181, 2013 WL 2928214, at *3 (M.D. La. June 13, 2013).

[5] *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) (citing *Suid v. Cigna Corp.*, 203 F.R.D. 227, 228 (V.I. 2001); *Sithon Maritime Co. v. Mansion,* No. 96–2262, 1998 WL 182785, at *2 (D. Kan. Apr.10, 1998); *Haifley v. Naylor,* No. 94–3277, 1996 WL 539212, at *1–2 (D. Neb. July 9, 1996); *Schwartz,* 153 F.R.D. at 21); *see also SBJ Grp.*, 2013 WL 2928214, at *3 ("It is axiomatic that a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party." (quoting *Tex. Democratic Party v. Dall. Cnty.*, No. 08-2117, 2010 WL 5141352, at *1 (N.D. Tex. Dec. 9, 2010); and citing *Ledbetter*, 1996 WL 739036, at *2)).

[6] *Acosta v. Northrop Grumman*, No. 02-3206, 2003 WL 21056878, at *1 (E.D. La. May 5, 2003) (denying as premature motion to compel before plaintiff propounded discovery and waited for expiration of the thirty-day response period); *see also Esquivel v. Eastburn*, No. 20-00377, 2022 WL 757243, at *1 (W.D. Tex. Mar. 11, 2022) (denying as premature motion to compel before expiration of the response deadline).

[7] *Brown v. Bridges*, No. 12-4947, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015) (internal quotations and citations omitted); *see also Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited November 16, 2022).

[8] *Riverbend Env't Servs., LLC v. Crum & Forster Specialty Ins. Co.*, No. 22-31, 2023 WL 2563228, *3 (S.D. Miss. Mar. 17, 2023).

[9] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (citations omitted); *see also McAllister v. McDermott, Inc., No.* 18-361, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (citing *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying

Rule 37(a)(1).[10]

The record does not reflect that Plaintiff has served formal requests for production on any party for the items she seeks, in accordance with Rule 34.  The record further lacks any evidence that, if Rule 34 Requests were served, whether the thirty-day response period has lapsed.  Indeed, Plaintiff has failed to attach any documents relating to the requested items.  Further, Plaintiff has not demonstrated that she engaged in a proper Rule 37 conference before the filing of this motion.  As such, Plaintiff's request for court intervention is premature at best and simply improper absent evidence that she served Rule 34 requests and allowed the response deadline to lapse.

### III.   CONCLUSION

Plaintiff has failed to demonstrate that a motion to compel is proper for the reasons set forth herein.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Victoria S. Tillman-Felton's Motion to Compel is DENIED.

New Orleans, Louisiana, this ___28th___ day of January, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention)).

[10] *See, e.g.*, *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).