UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTORIA S. TILLMAN-FELTON

CIVIL ACTION

VERSUS

NO. 24-2601

C/W: 24-2602

ROSE BLUNT ET AL.

SECTION: "J"(2)

**Applies to:** 24-2601, 24-2602

## ORDER AND REASONS

Before the Court is a *Motion for Judgment on the Pleadings* **(Rec. Doc. 79)** filed by Defendants Crystal Clear Management Inc., CLB Investments LLC, Rose Blunt, Tina Fly, Lynn Cotton, and Bernadette Davis. Plaintiff, Victoria S. Tillman-Felton, opposed the motion (Rec. Doc. 84), and Defendants filed a reply (Rec. Doc. 90). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED** as to Plaintiff's claim under Title VII.

## FACTS AND PROCEDURAL BACKGROUND

Beginning in December of 2022, Plaintiff worked as a crew employee at the McDonald's Restaurant No. 5462, located at 4240 Louisa Street in New Orleans. In November of 2024, Plaintiff sued Crystal Clear Management Inc. and CLB Investments LLC, who each owned this McDonald's at different times during Ms. Tillman-Felton's employment, in addition to bringing claims against four individuals who worked with Plaintiff at McDonald's: Rose Blunt, Tina Fly, Lynn Cotton, and

1

Bernadette Davis. Initially, Ms. Tillman-Felton brought three separate suits regarding her employment with McDonald's, which were consolidated in April of 2025.[1] Specifically, Ms. Tillman-Felton claimed that the owners of the McDonald's where she worked, along with some individuals she worked with, violated the Fair Labor Standards Act ("FLSA") by failing to pay her the proper wage for the overtime hours she allegedly worked. Further, she asserted that the General Manager and other managers ignored her when she inquired "about testing for Food Safety Certification to qualify for management position," thus leading to her discrimination claim under Title VII of the Civil Rights Act of 1964. (Rec. Doc. 32, at 7). Defendants filed the instant motion for judgment on the pleadings as to Plaintiff's Title VII claim only, so the court will construe the instant motion as one for a partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A *Wright & Miller's Federal*

---

[1] Judge Guidry in Section T dismissed one of these cases (No. 24-2776) in June of 2025 because Plaintiff failed to respond to a court order, which instructed her to file proof of service or to show cause why service of process had not been effected on Defendants CLB Investments LLC and Keyoka Tayor. (No. 24-2776, Rec. Doc. 7).

*Practice & Procedure* § 1367 (1990)). Courts apply the same standard to a Rule 12(c) motion for judgment on the pleadings as they would to a Rule 12(b)(6) motion to dismiss. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citations omitted).

In deciding a motion under Rule 12(c), the Court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. *Id.* (citing *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). While the Court must accept the factual allegations in the pleadings as true, the "plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As explained above, the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## **DISCUSSION**

In this case, Plaintiff is a pro se litigant who brought claims against Defendants under the Fair Labor Standards Act ("FLSA") and Title VII of the Civil

Rights Act of 1964. As to Plaintiff's Title VII claim only, Defendants moved for judgment on the pleadings because they allege that Plaintiff not only failed to exhaust the requisite administrative remedies for a Title VII claim but also failed to plead sufficient facts concerning the exhaustion requirement.

It is well established that "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Specifically, for a claim under Title VII, the plaintiff must fulfill two requirements before filing a complaint in federal court. First, she must file a "timely charge with the EEOC [Equal Employment Opportunity Commission]" and then receive "a statutory notice of right to sue" from the EEOC. *Id.* at 379 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). Further, an employee who claims that her employer violated Title VII must file the suit in federal court within ninety days of receiving the notice of right to sue from the EEOC. *Id.* (citation omitted). In the Fifth Circuit, "[t]his requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Id.* (citations omitted).

Here, Plaintiff filed her initial complaint in this Court on November 5, 2024, and an amended complaint in May of 2025. In her amended complaint, Plaintiff states that she asked the EEOC whether she had a case against her employer in July of 2024 (Rec. Doc. 32, at 1), but she does not allege that she filed a charge with the EEOC, nor does she claim that she received a notice of right to sue. Plaintiff also says she "made an appointment with EEOC," *id.* at 5, but she goes no further in discussing

the exhaustion requirement in the complaint. Moreover, in Defendants' motion for judgment on the pleadings, they maintain that they "are not aware of any EEOC proceeding initiated by Plaintiff and have received no notice of any such charge being filed against them." (Rec. Doc. 79-1, at 3). In her response to Defendants' motion, Plaintiff states that she "made an [sic] complaint to EEOC" and that she "received Determination and Notice of right to Sue from EEOC department." (Rec. Doc. 84-1, at 1). However, Plaintiff has not provided copies of these documents to the Court, nor has she given a specific date on which she received the notice of right to sue. Even accepting all of Plaintiff's allegations as true, the Court finds that she failed to exhaust administrative remedies for her Title VII claim and that she did not plead sufficient facts to state a plausible claim for relief. Therefore, judgment on the pleadings in Defendants' favor is appropriate.

That leaves only Plaintiff's claim under FLSA that is still pending in this lawsuit. With respect to her FLSA claim, Plaintiff did not provide enough factual allegations in the amended complaint to explain why she is entitled to relief. Furthermore, claims under FLSA may be brought only against a plaintiff's employer, not against her supervisors or co-workers. The Court will grant Ms. Tillman-Felton an additional twenty-one days in which to file a second amended complaint. In this second amended complaint, Ms. Tillman-Felton should explain fully and specifically what she believes Defendants did to violate the Fair Labor Standards Act and why she believes she is entitled to relief. Plaintiff should provide factual allegations only,

5

without any references to statutes, and she should focus only on her claim under the Fair Labor Standards Act.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Judgment on the Pleadings* (Rec. Doc. 79) as to Plaintiff's Title VII claim is **GRANTED**, and judgment on this claim is rendered against Plaintiff and in favor of Defendants.

**IT IS FURTHER ORDERED** that Plaintiff has leave to file a second amended complaint in which she explains the facts that support her claim under the Fair Labor Standards Act within **twenty-one (21) days of the date of this Order**.

New Orleans, Louisiana, this 7th day of April, 2026.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE