UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICTORIA S. TILLMAN-FELTON | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2601 c/w 24-2602 |
| ROSE BLUNT, ET AL. | * | SECTION "J" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Victoria S. Tillman-Felton's Motion to Compel. ECF No. 117. Having considered the record, Plaintiff's motion, and the applicable law, the Motion to Compel is DENIED for the reasons stated herein.

## I.    BACKGROUND

Plaintiff filed these consolidated actions against her employers and several managers alleging that she was not properly paid for all hours worked at the agreed rate. ECF No. 32; *see* ECF No. 20. In response to Defendants' Witness and Exhibit List filed March 13, 2026 (ECF No. 105), Plaintiff filed this Motion to Compel requesting the Court order defense counsel to submit:

- Plaintiff['s] time cards in Globo with CLB Investments, LLC
- Plaintiff['s] payroll Journals in Globo with CLB Investments, LLC
- Plaintiff['s] time cards with Crystal Clear Management INC
- Plaintiff['s] pay journals with Crystal Clear Management INC

ECF No. 117 at 1; No. 117-1. At the conclusion of her motion, Plaintiff asks "the judge to approve my motion as defendants have submitted a [sic] uncomprehensive disclosure FRCP 26.1 to complete [sic] pre-trial order." ECF No. 117 at 2.

## II.    APPLICABLE LAW

Although the Court has the authority to grant a motion as unopposed, it is not required to

1

do so[1] and may properly consider the merits of even an unopposed motion.[2]  While *pro se* filings are construed liberally, a *pro se* litigant must still "abide by the rules that govern the federal courts," including the Federal Rules of Civil Procedure.[3]

### A.  Initial Disclosures under Rule 26

Rule 26(a) requires a party, without awaiting a discovery request, to provide the other party with, among other things, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  FED. R. CIV. P. 26(a)(1)(A)(ii).  In addition to Rule 26's express terms, the advisory committee's notes explain that this rule does not require production of any documents.[4]  Rather, documents identified, but not produced, should be sought by the non-disclosing party through a formal request of discovery under Rule 34.[5]

### B.  Rule 37 Motion to Compel

If a party fails to timely respond fully to a request for production under Rule 34, the party seeking discovery may move to compel production under Rule 37.  FED. R. CIV. P. 37(a)(3)(B)(iv).  A motion to compel pursuant to Rule 37 contemplates that the movant has relied on the formal

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[2] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions).

[3] *Lassere v. S. Cent. Planning & Dev. Comm'n*, No. 24-1641 2024 WL 4388287, at *1 (E.D. La. Oct. 3, 2024) (Ashe, J.) (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014); and citing *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015) ("Nonetheless, we expect litigants to meet court deadlines and observe the rules of civil procedure.")).

[4] FED. R. CIV. P. 26(a)(1) advisory committee's note to 1993 amendment.  The advisory committee's notes on the 1993 amendments to Rule 26 discusses Rule 26(a)(1)(B).  The 2007 amendments renumbered Rule 26(a)(1)(B) as Rule 26(a)(1)(A)(ii).

[5] *Verdin v. Creel*, No. 25-658, 2026 WL 49387, at *2 (M.D. La. Jan. 7, 2026) (quoting *Hayes v. Frontera Produce, Ltd.*, No. 12-588, 2013 WL 6174799, at *2 (M.D. La. Nov. 20, 2013); citing *Sizemore v. Wal-Mart Stores, Inc.*, No. 05-1589, 2006 WL 1698291, at *3 (S.D. Tex. June 16, 2006)).

discovery rules.[6]   When a movant fails to serve a formal request for production, denial of the motion to compel production is proper.[7]

Further, a Rule 37 motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37 (a)(1).  "Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[8]   The conference requirements are no "empty formality."[9]   The failure to engage in the required meet and confer before filing a motion to compel constitutes sufficient reason in itself to deny the motion.[10]   Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1).[11]

---

[6] *Ledbetter v. United States*, No. 96-678, 1996 WL 739036, at *2 (N.D. Tex. Dec. 18, 1996) (citing *Schwartz v. Mktg. Publishing Co.*, 153 F.R.D. 16, 21 n.12 (D. Conn. 1994)), *cited with approval in SBJ Grp., LLC v. TBE Grp., Inc.*, No. 12-181, 2013 WL 2928214, at *3 (M.D. La. June 13, 2013).

[7] *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) (citing *Suid v. Cigna Corp.*, 203 F.R.D. 227, 228 (V.I. 2001); *Sithon Maritime Co. v. Mansion,* No. 96–2262, 1998 WL 182785, at *2 (D. Kan. Apr.10, 1998); *Haifley v. Naylor,* No. 94–3277, 1996 WL 539212, at *1–2 (D. Neb. July 9, 1996); *Schwartz,* 153 F.R.D. at 21); *see also SBJ Grp.*, 2013 WL 2928214, at *3 ("It is axiomatic that a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party." (quoting *Tex. Democratic Party v. Dall. Cnty.*, No. 08-2117, 2010 WL 5141352, at *1 (N.D. Tex. Dec. 9, 2010); and citing *Ledbetter*, 1996 WL 739036, at *2)).

[8] *Brown v. Bridges*, No. 12-4947, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015) (internal quotations and citations omitted); *see also Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited November 16, 2022).

[9] *Riverbend Env't Servs., LLC v. Crum & Forster Specialty Ins. Co.*, No. 22-31, 2023 WL 2563228, *3 (S.D. Miss. Mar. 17, 2023).

[10] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (citations omitted); *see also McAllister v. McDermott, Inc., No.* 18-361, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (citing *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention)).

[11] *See, e.g.*, *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).

### III.    <u>ANALYSIS</u>

As with her prior motion to compel, Plaintiff's motion is improper.  *See* ECF Nos. 93, 95. This motion is not a proper *ex parte* or consent motion under Local Rule 7.3, and Plaintiff failed to attach a notice of submission, as required by Local Rule 7.2.  Setting aside that deficiency, Rule 37 authorizes, among other things, the filing of a motion to compel Rule 26(a) disclosures, an answer to a question during a Rule 30 deposition, an answer to a Rule 33 interrogatory response, or a Rule 34 inspection or production of documents.  FED. R. CIV. P. 37(a)(3).  Although Plaintiff's motion refers to Rule 26 disclosures (ECF No. 117 at 2), Plaintiff does not attach the Rule 26 disclosures.  Rather, she appears to refer to the Exhibit List (ECF No. 117-1) as the Rule 26 disclosure.  An Exhibit List is not the same thing as the Rule 26 disclosure.  And Rule 37 does not authorize a motion to compel a more descriptive exhibit list.

Moreover, as previously explained in the prior discovery order, before filing a motion to compel, the movant must issue a formal discovery request and confer in good faith with the party. *See* ECF No. 95.  Plaintiff failed to attach a Rule 37(a)(1) certification or any evidence that she issued Rule 34 Requests for Production of Documents seeking the documents identified on Defendant's Exhibit List.  As such, Plaintiff's request for court intervention is improper.

### IV.    <u>CONCLUSION</u>

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Victoria S. Tillman-Felton's Motion to Compel (ECF No. 117) is DENIED.

New Orleans, Louisiana, this ___13th___ day of April, 2026.

 

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

4