UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTORIA S. TILLMAN-FELTON                        CIVIL ACTION

VERSUS                                             NO. 24-2601
                                                   C/W: 24-2602

ROSE BLUNT ET AL.                                 SECTION: "J"(2)

**Applies to:** 24-2601, 24-2602

## ORDER AND REASONS

Before the Court are two *Motions to Dismiss* **(Rec. Docs. 118, 132)** filed by Defendants, Crystal Clear Management Inc., CLB Investments LLC, Rose Blunt, Tina Fly, Lynn Cotton, and Bernadette Davis. In the first motion, Defendants urge the Court to dismiss Plaintiff's claims for failure to prosecute, while in the second, Defendants move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Victoria S. Tillman-Felton opposed both motions (Rec. Docs. 120, 133, 134), and Defendants replied to Plaintiff's opposition to the motion to dismiss for failure to prosecute (Rec. Doc. 123). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that Defendants' motions to dismiss should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Beginning in December of 2022, Plaintiff worked as a crew employee at the McDonald's Restaurant No. 5462, located at 4240 Louisa Street in New Orleans. In November of 2024, Plaintiff sued Crystal Clear Management Inc. and CLB

1

Investments LLC, who each owned this McDonald's at different times during Ms. Tillman-Felton's employment, in addition to bringing claims against four individuals who worked with Plaintiff at McDonald's: Rose Blunt, Tina Fly, Lynn Cotton, and Bernadette Davis. Initially, Ms. Tillman-Felton brought three separate suits regarding her employment with McDonald's, which were consolidated in April of 2025.[1] Specifically, Ms. Tillman-Felton claimed that the owners of the McDonald's where she worked, along with some individuals she worked with, violated the Fair Labor Standards Act ("FLSA") by failing to pay her (1) the proper wage for the overtime hours she allegedly worked, and (2) the proper appreciation pay[2] for the pay periods when she met the criteria. Further, she asserted that the General Manager and other managers ignored her when she inquired "about testing for Food Safety Certification to qualify for management position," thus leading to her discrimination claim under Title VII of the Civil Rights Act of 1964. (Rec. Doc. 32, at 7).

Defendants previously filed a motion for judgment on the pleadings as to Plaintiff's Title VII claim (Rec. Doc. 79), which the Court granted because Plaintiff had failed to satisfy the exhaustion requirement (Rec. Doc. 119). In this Order and Reasons, the Court also noted that Ms. Tillman-Felton had not alleged sufficient facts to explain and support her FLSA claim and granted her leave to file a second amended complaint. *Id.* In the meantime, Defendants filed the motion to dismiss for Plaintiff's

---

[1] Judge Guidry in Section T dismissed one of these cases (No. 24-2776) in June of 2025 because Plaintiff failed to respond to a court order; this order instructed her to file proof of service or to show cause why service of process had not been effected on Defendants CLB Investments LLC and Keyoka Tayor. (No. 24-2776, Rec. Doc. 7).

[2] According to an exhibit Plaintiff attached to a later-stricken motion for summary judgment, McDonald's benefits include appreciation pay of an extra $2.00 per hour when an employee has had no absences, tardies, or write-ups in a given pay period. (Rec. Doc. 98-1, at 1).

failure to prosecute (Rec. Doc. 118), which Plaintiff opposed. Then, Plaintiff filed her second amended complaint on April 16, 2026 (Rec. Doc. 128), and Defendants responded with their motion to dismiss for failure to state a claim upon which relief can be granted (Rec. Doc. 132). The Rule 12(b)(6) motion is not set for submission until May 27, 2026. However, because Plaintiff has already filed her response (Rec. Doc. 133), in addition to filing a supplemental opposition (Rec. Doc. 134), the Court will rule on both motions.

## **LEGAL STANDARD**

First, Defendants moved to dismiss Plaintiff's claims pursuant to Rule 41(b) for failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure provides that upon a defendant's motion, a court may dismiss any action based on the plaintiff's failure to prosecute or to comply with the Federal Rules or any order of the court. Fed. R. Civ. P. 41(b). Unless a court's order states otherwise, a dismissal under Rule 41(b) acts as "an adjudication on the merits." *Id.* Under Fifth Circuit precedent, an involuntary dismissal with prejudice under Rule 41(b) requires "a clear record of delay or contumacious conduct by the plaintiff" and should be granted only "when lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks omitted) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)).

Further, in determining whether dismissal with prejudice is warranted for failure to prosecute, courts should consider whether one or more of three "aggravating factors" are present: (1) "delay attributable directly to the plaintiff, rather than [her]

attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct." *Id.* (citing *Rogers*, 669 F.2d at 320). However, the Fifth Circuit cautions that "the sanction of dismissal with prejudice is reserved for 'the most egregious circumstances.'" *Id.* (quoting *Rogers*, 669 F.2d at 320).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

Moreover, courts "traditionally extend leniency to pro se litigants"; however, that does not mean that a pro se litigant is "exempt from compliance with relevant

rules of procedural and substantive law." *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

**DISCUSSION**

**A. Dismissal for Failure to Prosecute: Rule 41(b)**

In their Rule 41(b) motion to dismiss, Defendants argue that notwithstanding Plaintiff's pro se status, the Court should dismiss her claims with prejudice based on her alleged "failure to respect discovery deadlines, failure to appear for noticed depositions, and refusal to participate in her lawsuit." (Rec. Doc. 118, at 1). First, Defendants allege that despite deadline extensions, Plaintiff has failed to respond to four requests for production that Defendants originally propounded on October 31, 2025. On March 18, 2026, Plaintiff attended a meeting to discuss the status of the case, particularly discovery, at defense counsel's office. At that meeting, Defendants agreed to give Plaintiff an additional extension (until March 25, 2026) to respond to these requests, *see* Rec. Doc. 118-6, at 1, yet she still has not done so. What makes this conduct even more problematic is that discovery in this matter closed on March 27, 2026.

Furthermore, Defendants claim that Plaintiff neglected to attend her first two noticed depositions in November of 2025 and February of 2026. Plaintiff's failure to attend the deposition in November necessitated a continuance of the trial date in this matter and a new scheduling order. *See* Rec. Docs. 77, 80. Lastly, Defendants note a court order from June 18, 2025, before the case was reassigned to Section J, in which Judge Guidry ordered Plaintiff to provide "her current and active telephone number"

5

and "her current and active postal address at which she may be served and contacted." (Rec. Doc. 64, at 2). Moreover, this order contained a reminder that Plaintiff has an obligation to update her contact information with the Court and an explicit warning that her failure to do so might result in dismissal of Plaintiff's claims. *Id.* Despite these clear and direct instructions from the Court, Plaintiff still has not provided the Court with a current and active postal address, which has resulted in all mail being returned as undeliverable.[3] It is the Court's understanding that Plaintiff has received filings in this case not by mail but by making regular visits to the Clerk's Office.

Defendants also contend that they have "no valid means of communicating with Plaintiff—physical mail is being returned as 'undeliverable' and electronic mail communication is sporadic and inconsistent." (Rec. Doc. 118-1, at 6). For example, defense counsel emailed Plaintiff on February 9, 2026, to provide advance notice for her *second* scheduled deposition on February 26. Three weeks later, Plaintiff replied to this email and said, "Sorry about missing the disclosure meeting. I had trouble locating your office, as I did go to the Clerk of Courts to see if we were suppose [sic] to meet there. . . ." (Rec. Doc. 118-11, at 1). This response indicates that Plaintiff had received notice of the deposition and allegedly attempted to appear, but she still refused (or neglected) to respond to the email for three full weeks and failed to let Defendants know that she had tried to attend the deposition for almost a week. The

---

[3] In *Lewis v. Hardy*, the Fifth Circuit explicitly held that "the failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (citing the Eastern District of Louisiana's Local Civil Rule 41.3.1).

Court finds this type of delay and contempt for Defendants' time unacceptable; this conduct is akin to "'the stubborn resistance to authority'" that the Fifth Circuit has held "justifies a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (citing *John v. Louisiana*, 828 F.2d 1129, 1131–32 (5th Cir. 1987)).

In a similar employment discrimination case, the Fifth Circuit affirmed the district court's finding that the Plaintiff "exhibited 'contumacious conduct'" through her "failure to sit for her deposition and her actions that made scheduling her deposition nearly impossible." *Lee v. Southwest Airlines Co.*, No. 24-20346, 2025 WL 2759559, at *3 (5th Cir. 2025) (citation omitted). Like the plaintiff in *Lee*, Ms. Tillman-Felton failed to attend two noticed depositions, and because Defendants have not been able to communicate with her consistently, scheduling her deposition, in addition to other deadlines, has been nearly impossible. Defendants have amply demonstrated that Plaintiff has blatantly delayed this litigation and engaged in contumacious conduct.

Further, Defendants request that the Court dismiss Plaintiff's claim with prejudice "based on the clear record of her delay and contumacious conduct and because of the ineffectiveness of the court's prior warnings." (Rec. Doc. 118-1, at 5). The Court does not understand why Plaintiff has taken, or failed to take, the litigation steps that she has, but it appears that this case has been plagued with problems from the start. Initially, this matter was assigned to Section T of the Eastern District of Louisiana, and subsequently, two other related lawsuits that Plaintiff filed were transferred to Section T. On April 29, 2025, Judge Guidry

consolidated the three matters and later dismissed one of the cases because Plaintiff had failed to comply with the Court's order to show cause why she had not served the defendants in that matter, CLB Investments LLC and Keyoka Tayor. Plaintiff failed to respond to the order, either with proof of service or by showing good cause, and consequently, Judge Guidry dismissed and deconsolidated that case for Plaintiff's failure to prosecute.

Later, in March of 2026, the consolidated matters were transferred to Section J. Prior to the transfer, Plaintiff had filed another related case in February 2026 against CLB Investments LLC and Crystal Clear Management, and once the relationship between the cases was discovered, that matter was transferred to Section J as well. In this most recently filed case, Plaintiff also failed to serve the defendants or heed the instructions given in multiple Reports and Recommendations issued by the Magistrate Judge. The flurry of lawsuits and filings in these related matters has been dizzying, but Plaintiff appears to have made the same procedural missteps even after being cautioned not to (e.g., insufficient service of process).

The Court has given Plaintiff the benefit of the doubt multiple times, particularly because she is a pro se plaintiff. Notably, in March of 2025, Magistrate Judge Currault reviewed Plaintiff's eligibility for representation under the Eastern District of Louisiana's Civil Pro Bono Program, and in April, counsel was appointed to represent Plaintiff at no charge to her. (No. 24-2602, Rec. Docs. 34, 37). Between the time counsel was appointed and May 13, 2025, Plaintiff's counsel had withdrawn because Plaintiff stated that she did not want to be represented by counsel but

instead wished to proceed pro se. (Rec. Docs. 26, 30). Magistrate Judge Currault held an in-person status conference on May 13, during which the "Court discussed the complexities of the law with Plaintiff" and "advised Plaintiff that even *pro se* litigants are required to comply with the Rules of Federal Civil Procedure and cautioned Plaintiff of the risks of self-representation, including potential dismissal of her claims." (Rec. Doc. 25, at 1–2). Even after this discussion and warning, Plaintiff affirmed that she wished to represent herself. The Court has treated Plaintiff's pleadings and motions as leniently as possible and has attempted to provide her with representation to help her with this litigation, but this leniency has been futile. Further, "lesser sanctions," such as court orders to effectuate service on various defendants and to maintain an accurate mailing address with the Court, have had no impact.

To support their argument that the Court should dismiss Plaintiff's claims with prejudice, Defendants emphasize the three aggravating factors the Fifth Circuit outlined in *Callip v. Harris County Child Welfare Department*. First, Defendants note that the delay in this matter is attributable directly to the plaintiff, as she represents herself. Second, according to Defendants, "Plaintiff's conduct is extremely prejudicial" to them because her alleged "failure to fulfill her [discovery] obligations" has prevented Defendants from conducting discovery, and the discovery deadline is now expired. (Rec. Doc. 118-1, at 6). Lastly, Defendants contend that "Plaintiff has simply refused to comply with court orders and cooperate with counsel. On multiple occasions, Plaintiff has submitted pleadings that do not adhere to the Federal and

9

Local Rules. Plaintiff's insistence on prosecuting this case on her terms or not at all . . . is contumaciousness manifest." *Id.* at 6–7 (quoting *Naylor v. Town of Rayville*, No. 24-101, 2025 WL 3207158, at *2 (W.D. La. Nov. 17, 2025)).

The Court agrees that Plaintiff has disregarded multiple court orders and has chosen not to heed the Court's various warnings concerning potential dismissal. She has failed to update the Court with a current mailing address, and hence has made it difficult, if not impossible at times, for Defendants to have any communication with her. And for whatever reason, she refused to participate in required discovery prior to the deadline. Further, she did not submit witness and exhibit lists, which were due by March 13, 2026, nor did she file a final pretrial order as directed by the amended scheduling order (Rec. Doc. 91).[4]

Finally, not one—but all three—aggravating factors, are implicated in Plaintiff's conduct. Moreover, because previous court orders and warnings have proved ineffective, the Court determines that "lesser sanctions would not prompt diligent prosecution," nor would they serve the best interests of justice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citations omitted). Therefore, the Court finds that Plaintiff's claims should be dismissed, with prejudice, based on her failure to prosecute. Because dismissal under Rule 41(b) is warranted, the Court need not address Defendants' motion to dismiss as a sanction under Federal Rule of Civil Procedure 37.

---

[4] This Court ultimately had to continue the trial and pretrial conference in this matter due to a scheduling conflict. However, the deadline to submit the final pretrial order had passed prior to the continuance.

**B. Dismissal for Failure to State a Claim: Rule 12(b)(6)**

In light of her second amended complaint in this matter, the Court also concludes that Plaintiff has failed to state a claim upon which relief can be granted, and accordingly, Defendants' Rule 12(b)(6) motion to dismiss serves as another independent ground for dismissal with prejudice. As explained above, the Court previously granted Defendants' motion for judgment on the pleadings concerning Plaintiff's Title VII claim, so her FLSA claim is the only one that remains. In a prior Order and Reasons, the Court, on its own motion, granted Plaintiff leave to file a second amended complaint. (Rec. Doc. 119, at 5). Specifically, the Court stated as follows:

> With respect to her FLSA claim, Plaintiff did not provide enough factual allegations in the amended complaint to explain why she is entitled to relief. Furthermore, claims under FLSA may be brought only against a plaintiff's employer, not against her supervisors or co-workers. The Court will grant Ms. Tillman-Felton an additional twenty-one days in which to file a second amended complaint. In this second amended complaint, Ms. Tillman-Felton should explain fully and specifically what she believes Defendants did to violate the Fair Labor Standards Act and why she believes she is entitled to relief. Plaintiff should provide factual allegations only, without any references to statutes, and she should focus only on her claim under the Fair Labor Standards Act.

*Id.* at 5–6. Insofar as she filed a second amended complaint, Plaintiff complied with this order; however, she did not allege any additional facts that would remedy the noted deficiencies in the FLSA claim.

FLSA requires employers to compensate non-exempt employees for any hours worked beyond forty (40) in a single workweek at a rate of at least one and one-half times their regular pay rate. 29 U.S.C. § 207(a)(1). To make a *prima facie* case for

11

unpaid overtime compensation under FLSA, a plaintiff must demonstrate by a preponderance of the evidence "(1) that there existed an employer-employee relationship . . .; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citing *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)).

Only the last two elements are in dispute here. In the second amended complaint, Plaintiff offered no factual allegations beyond conclusory statements to establish that Defendants violated FLSA, nor did she specify or estimate the amount of overtime compensation due. For example, Plaintiff says that when she was asked to work at a different McDonald's location, she later noticed that those hours "were not on [her] check." (Rec. Doc. 128, at 1). She also contends that "[w]orking at the Broad Street Store there were suppose [sic] to be overtime hours which I was not paid for." *Id.* Later, she states, "for a few months I noticed that I was paid 9.00 for being late a couple times when employees are given a 10 minute grace period. When regular pay rate or base pay was $12.00 a hour." *Id.* at 2. However, Plaintiff failed to substantiate these vague and conclusory assertions with specific factual allegations. She does not provide an approximation of the number of overtime (or underpaid) hours she worked, nor does she provide even a rough approximation of when she worked the hours for which she claims she was under-compensated.

12

Plaintiff attached printed pay stubs to a motion for entry of default that she filed on December 12, 2024. (Rec. Doc. 9). These pay stubs reflect that at various times, Plaintiff earned a base pay rate of $9.00 per hour, an appreciation pay rate of $11.00 per hour, and overtime pay of $13.50 per hour. *See* Rec. Doc. 9-1, at 15–68. Based on these exhibits, the Court must assume that Plaintiff was paid appreciation and overtime pay for at least *some* of the eligible hours she worked, and unfortunately, Plaintiff has not attempted to explain when and for how many hours Defendants failed to pay her the appropriate rate.

In her oppositions to Defendants' motions to dismiss, Plaintiff insists that she has "shown comprehensive and relevant evidence to support [the] case." (Rec. Doc. 120, at 2; Rec. Doc. 133, at 2; Rec. Doc. 134, at 4). However, even in the second amended complaint, Plaintiff simply does not provide factual allegations to support the conclusory assertions she makes. The Court finds that Plaintiff has failed to state a claim for relief that is plausible on its face, primarily because she has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, the Court concludes that Defendants' Rule 12(b)(6) motion to dismiss should be granted, and Plaintiff's failure to state a claim upon which relief can be granted provides a second, independent ground for dismissal of Plaintiff's claims with prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 118)** for Plaintiff's failure to prosecute is **GRANTED**.

**IT IS FURTHER ORDERED** that *Defendants' Rule 12B6 Motion to Dismiss* **(Rec. Doc. 132)** is **GRANTED**, and all of Plaintiff's claims against Defendants Crystal Clear Management Inc., CLB Investments LLC, Rose Blunt, Tina Fly, Lynn Cotton, and Bernadette Davis are hereby **DISMISSED**, **with prejudice**.

New Orleans, Louisiana, this 14th day of May, 2026.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

14